# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-124-JAD-EJY-3 |
| Plaintiff | |
| v. | **Order Re: Pending Motions** |
| Damien Norris, | [ECF Nos. 434, 435] |
| Defendant | |

Damien Norris was convicted of distribution of a controlled substance after a three-day jury trial in March 2019.[1] At his December 2019 sentencing, he was sentenced to 104 months custody followed by three years of supervised release.[2] Norris has since filed two motions. First, he seeks the return of personal property, like a laptop and cell phones, seized during the search of his home.[3] And second, he asks the court to reduce his sentence under Federal Sentencing Guidelines Amendment 782.[4]

Norris's request for return of his personal property is granted. The government does not oppose the request and explains in response that "Counsel for the government has contacted [the Drug Enforcement Agency] and they are prepared to release the evidence to an authorized representative of the defendant."[5] Norris or his counsel should send a letter to Mr. Knief, designating an authorized representative to take possession of Norris's items (that were not used

---

[1] ECF No. 302 (verdict).
[2] ECF No. 418 (judgment).
[3] ECF No. 434.
[4] ECF No. 435.
[5] ECF No. 455.

as evidence or deemed contraband) and making arrangements for that representative to receive those items. That letter should not be sent to the court.

Norris's request for a sentence reduction based on Amendment 782 and 18 U.S.C. § 3582(c)(2) is denied as meritless. Title 18 section 3582(c)(2) allows a sentencing court to reduce a previously imposed sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" in certain limited circumstances.[6] But, as the government points out in its opposition,[7] Amendment 782 did not "subsequently" lower Norris's sentencing range. That Amendment went into effect in 2014—five years before Norris was sentenced.[8] So, when Norris's guideline level was calculated and his sentence was imposed, the benefits of Amendment 782 were already factored in. Norris is thus not eligible for relief under 18 U.S.C. § 3582(c)(2) and Amendment 782.

**IT IS THEREFORE ORDERED** that Norris's Motion for Return of Property **[ECF No. 434] is GRANTED.** Norris or his counsel must make arrangements with the government for an authorized representative to receive the non-evidentiary, non-contraband items seized from Norris's home.

IT IS FURTHER ORDERED that Norris's motion for a sentence reduction **[ECF No. 435] is DENIED.**

Dated: March 23, 2020

                                                                               _____
U.S. District Judge Jennifer A. Dorsey

---

[6] 18 U.S.C. § 3582(c)(2).
[7] ECF No. 453.
[8] *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015) ("On November 1, 2014, the Commission issued Amendment 782 to its Sentencing Guidelines, which lowered the recommended sentences for certain drug crimes . . .").