UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00124-JAD-EJY-3 |
| Plaintiff | |
| v. | **Order Granting Motion to Extend Time and Directing Response** |
| Damien Norris, | **[ECF No. 556]** |
| Defendant | |

Damien Norris was found guilty of distribution of a controlled substance after a three-day jury trial.[1] Judgment was entered on December 3, 2019.[2] Norris appealed his conviction,[3] and the Ninth Circuit affirmed.[4] He now petitions for habeas relief under 28 U.S.C. § 2255[5] and moves for an extension of time to file that petition.[6] Because I find equitable tolling appropriate in this case, I grant his extension request. And his § 2255 petition raises nonfrivolous claims for relief, so I direct the government to respond to it within 21 days.

## Discussion

A federal prisoner filing a claim for habeas relief under 28 U.S.C. § 2255 is entitled to service upon the United States Attorney and an evidentiary hearing "[u]nless the motion and the

---

[1] ECF No. 418.
[2] *Id.*
[3] ECF No. 415.
[4] ECF No. 516; ECF No. 519.
[5] ECF No. 554.
[6] ECF No. 556.

files and records of the case conclusively show that the prisoner is entitled to no relief."[7]  No evidentiary hearing is warranted if the petitioner's "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[8]  Norris's claims primarily revolve around the alleged ineffectiveness of his trial counsel.  He points to numerous errors, including counsel's apparent lack of knowledge about the charges the government brought against Norris, failures to object to irrelevant and prejudicial evidence, and failure to investigate impeachment evidence despite being granted a continuance to so investigate.  Because these grounds for relief aren't patently frivolous or incredible, I find that they necessitate notice and response from the government.

Norris's § 2255 petition was due by January 4, 2022—one year after the Ninth Circuit issued its mandate in his appeal[9]—but was filed on February 1, 2022.[10]  But even though his motion is untimely, the court "may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist."[11]  This is a "very high" burden to meet,[12] but I find that Norris has met it here.  Norris first filed a motion to extend time a day before the January 4 deadline.[13]  In that motion, he described that he had been unable to

---

[7] 28 U.S.C. § 2255; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

[8] *Leonti*, 326 F.3d at 1116 (cleaned up).

[9] ECF No. 519; *see* 28 U.S.C. § 2255.

[10] ECF No. 554.

[11] *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[12] *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

[13] ECF No. 550.

properly research his case because he was in solitary confinement, his appellate counsel hadn't provided him with his trial-discovery documents until he filed a pro se motion to compel him to do so, and he was in the middle of transferring to another correctional facility.[14] The government responded to that extension motion, arguing that it was improper for this court to consider it before Norris filed his § 2255 petition.[15] Norris filed his petition 26 days after the government's response, which was 28 days after the original deadline.[16] He then filed another motion to extend time, to which he attached as an exhibit a memorandum apparently written by the lieutenant of the solitary-confinement unit that confirms that, despite his many efforts, Norris "ha[d] been unable to access the . . . law library" since being placed in solitary confinement in October 2021.[17] The memorandum further provides that the only computer Norris could have accessed is "damaged and awaiting to be replaced," so Norris has been prevented from completing his casework in an "appropriate time frame."[18] These obstacles, especially in the context of the COVID-19 pandemic and relevant lockdowns, show that Norris was diligent in pursuing his case in the face of extraordinary circumstances. I thus grant his extension request.

## Conclusion

IT IS THEREFORE ORDERED that the United States Attorney for the District of Nevada will have **21 days from the date of this order to file a response to Damien Norris's motion to vacate, set aside, or correct sentence [ECF No. 554]**.

---

[14] *See id.*
[15] ECF No. 552.
[16] ECF No. 554.
[17] ECF No. 556 at 3.
[18] *Id.*

IT IS FURTHER ORDERED that if Norris chooses to reply to the response to his motion, he must do so **within 14 days after the defendants file a response**.

IT IS FURTHER ORDERED that Norris's motion to extend time **[ECF No. 556] is GRANTED.  Norris's deadline to file his motion to vacate, set aside, or correct sentence is EXTENDED to February 1, 2022, making his pending motion [ECF No. 554] timely**.

U.S. District Judge Jennifer A. Dorsey
April 8, 2022